WILLIAM KISTNER & DEBRA KISTNER
207 NEW JERSEY AVENUE
COLLINGSWOOD, NJ 08108

# United States Bankruptcy Court
## District of New Jersey

In Re: WILLIAM KISTNER
DEBRA KISTNER

Case No.: 18-16862-JNP
Chapter: 13
Judge: Jerrold N. Poslusny Jr.

**Notice of Final Cure Payment Pursuant to F.R.B.P. 3002.1 (f)**

### Part 1: Claim Information

a. Name of holder (or servicer) of claim secured by a security interest in the debtor's principal residence: SELECT PORTFOLIO SERVICING, INC.

b. Proof of Claim number on court's registry: 5

c. Trustee's claim number (if any): 6

### Part 2: Trustee Certification

I, Isabel C. Balboa, the Chapter 13 Trustee, hereby certify that all payments required to be paid through the Chapter 13 Plan for the benefit of the secured creditor named above, including pre-petition arrears and all other amounts due to be paid to the secured creditor through the Chapter 13 Plan which arose post-petition pursuant to Order or Modified Plan, have been paid in full to the secured creditor. I futher certify that on November 03, 2022 a copy of this notice was served on the debtor(s), debtor's attorney (if any) and the secured creditor at the address noted below.

### Part 3: Signature

/s/ Isabel C. Balboa    Date: November 03, 2022
Signature

### Part 4: Service

Notice Mailed to:

Debtor(s) (address): 207 NEW JERSEY AVENUE, COLLINGSWOOD, NJ 08108
207 NEW JERSEY AVENUE, COLLINGSWOOD, NJ 08108

Debtor(s)' Counsel:
☑ Via CM/ECF
☐ Via email (email address):
☐ Via US Mail (address):

Creditor (or creditor's counsel):
☑ Via CM/ECF
☐ Via email (email address):
☐ Via US Mail (address):

> **This Notice of Final Cure Payment informs the holder of the claim of its obligation to file and serve a Response pursuant to F.R.P.B. 3002.1 (g) under the Court's General Order Adopting Supplemental Chapter 13 Plan Provisions as revised September 1, 2010. See Instructions at paragraph (1).**

**Part 5: Instructions**

**1. Response to Notice of Final Cure Payment.** Within 21 days after service of the *Notice of Final Cure Payment*, the holder of a claim secured by a security interest in the debtor's principal residence shall file and serve on the debtor, debtor's counsel and trustee, Local Form, *Statement In Response to Notice of Final Cure Payment,* indicating whether (1) it agrees that the debtor has paid in full the amount required to cure the default, and (2) the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The Statement shall itemize any required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement.

**2. Determination of Final Cure and Payment.** On motion of the debtor or trustee filed within 21 days after service of the Statement given pursuant to paragraph (1) above, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required pre and post-petition amounts.

**3. Order Deeming Mortgage Current**. If the holder of a claim fails to respond to the *Notice of Final Cure Payment*, the debtor may submit a proposed order deeming the mortgage current. The proposed order shall be served on the holder of the secured claim and the trustee. All parties served with such an order shall have 7 days to file and serve an objection. A hearing may be conducted on the objection at the Court's discretion.

**4. Failure to Notify.** In addition to the relief accorded pursuant to paragraph (3) above, if the holder of a claim fails to provide information required by paragraph (1) above, the court may, after notice and hearing, take either or both of the following actions:

   i. preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

   ii. award other appropriate relief including reasonable expenses and attorney's fees caused by the failure.

rev.9/1/10